**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-2056**

CALECHE NJWENG BONGO,

              Petitioner,

        v.

ERIC H. HOLDER, JR., Attorney General,

              Respondent.

On Petition for Review of an Order of the Board of Immigration
Appeals.

Submitted:  June 4, 2009                Decided:  July 2, 2009

Before NIEMEYER, KING, and GREGORY, Circuit Judges.

Petition denied by unpublished per curiam opinion.

Celestine Tatung, AMITY, KUM & SULEMAN, PA, Greenbelt, Maryland,
for Petitioner.  Michael F. Hertz, Acting Assistant Attorney
General, William C. Peachey, Assistant Director, Ada E. Bosque,
Yamileth G. HandUber, Office of Immigration Litigation, UNITED
STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Caleche Njweng Bongo, a native and citizen of Cameroon, petitions for review of an order of the Board of Immigration Appeals ("Board") adopting and affirming the immigration judge's decision denying her applications for asylum, withholding and withholding under the Convention Against Torture ("CAT"). We deny the petition for review.

The INA authorizes the Attorney General to confer asylum on any refugee. 8 U.S.C. § 1158(a) (2006). It defines a refugee as a person unwilling or unable to return to her native country "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A) (2006). "Persecution involves the infliction or threat of death, torture, or injury to one's person or freedom, on account of one of the enumerated grounds. . . ." Li v. Gonzales, 405 F.3d 171, 177 (4th Cir. 2005) (internal quotation marks and citations omitted).

An alien "bear[s] the burden of proving eligibility for asylum," Naizgi v. Gonzales, 455 F.3d 484, 486 (4th Cir. 2006); see 8 C.F.R. § 1208.13(a) (2009), and can establish refugee status based on past persecution in her native country on account of a protected ground. 8 C.F.R. § 1208.13(b)(1) (2009). Without regard to past persecution, an alien can

2

establish a well-founded fear of persecution on a protected ground. Ngarurih v. Ashcroft, 371 F.3d 182, 187 (4th Cir. 2004). A determination regarding eligibility for asylum or withholding of removal is affirmed if supported by substantial evidence on the record considered as a whole. INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992). Administrative findings of fact, including findings on credibility, are conclusive unless any reasonable adjudicator would be compelled to decide to the contrary. 8 U.S.C. § 1252(b)(4)(B) (2006). Legal issues are reviewed de novo, "affording appropriate deference to the BIA's interpretation of the INA and any attendant regulations." Lin v. Mukasey, 517 F.3d 685, 691-92 (4th Cir. 2008). This court will reverse the Board only if "the evidence . . . presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." Elias-Zacarias, 502 U.S. at 483-84; see Rusu v. INS, 296 F.3d 316, 325 n.14 (4th Cir. 2002).

An immigration judge may make a credibility determination on any inconsistency, inaccuracy, or falsehood "without regard to whether [it] . . . goes to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii) (2006). "[I]n evaluating an asylum applicant's credibility, an [immigration judge] may rely on omissions and inconsistencies that do not directly relate to the applicant's claim of

persecution as long as the totality of the circumstances establish that the applicant is not credible." <u>Lin v. Mukasey</u>, 534 F.3d 162, 164 (2d Cir. 2008); <u>see also</u> <u>Mitondo v. Mukasey</u>, 523 F.3d 784, 787-88 (7th Cir. 2008) (noting that the new statute abrogates decisions that focus on whether the inconsistency or omission goes to the heart of the applicant's claim for relief).

This court reviews credibility findings for substantial evidence. A trier of fact who rejects an applicant's testimony on credibility grounds must offer "specific, cogent reason[s]" for doing so. <u>Figeroa v. INS</u>, 886 F.2d 76, 78 (4th Cir. 1989). "Examples of specific and cogent reasons include inconsistent statements, contradictory evidence, and inherently improbable testimony . . . ." <u>Tewabe v. Gonzales</u>, 446 F.3d 533, 538 (4th Cir. 2006) (internal quotation marks and citations omitted). This court accords broad, though not unlimited, deference to credibility findings supported by substantial evidence. <u>Camara v. Ashcroft</u>, 378 F.3d 361, 367 (4th Cir. 2004). If the immigration judge's adverse credibility finding is based on speculation and conjecture rather than specific and cogent reasoning, however, it is not supported by substantial evidence. <u>Tewabe</u>, 446 F.3d at 538.

We find substantial evidence supports the adverse credibility finding. Given that finding and the lack of

4

corroborating evidence, we find the record does not compel a different result with respect to the denial of asylum and withholding from removal. We also find the record does compel a different result with respect to the denial of relief under the CAT.

Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED

5